IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALBERT PITTS, JR.,

           Plaintiff,                              OPINION AND ORDER

     v.                                                    13-cv-725-wmc

STATE OF WISCONSIN, *et al.*,

           Defendants.

---

    Plaintiff Albert Pitts, Jr., filed this proposed civil action under 42 U.S.C. § 1983, challenging the validity of an indictment pending against him in Waukesha County, among other things. He has been found eligible to proceed without prepayment of the full filing fee for purposes of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b). To date, however, he has not made an initial partial payment of the filing fee in compliance with the PLRA and the court's order directing him to do so has been returned "undeliverable." (Dkt. # 6). The postal service reports further that they are unable to forward this order because plaintiff has not provided a valid address.

    It is not the obligation of either this court or the clerk's office to search for litigants. Rather, it is the litigant's responsibility to advise the court of any change to his or her contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593, 2008 WL 4922422 (7th Cir. 2008) (affirming the denial of a Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to a house fire,

adding that "all litigants, including pro se litigants, are responsible for maintaining communication with the court"); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."). The plaintiff has clearly failed to provide the court with an accurate, current address. Because plaintiff has failed to provide a current address, it appears that he has abandoned his complaint.

Accordingly, under the inherent power necessarily vested in a court to manage its own docket, the complaint will be dismissed without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 n.5 (7th Cir. 1984).

ORDER

IT IS ORDERED that the complaint filed by plaintiff Albert Pitts, Jr., is DISMISSED without prejudice for want of prosecution. Plaintiff is advised that relief from this order may be granted upon a showing of good cause.

Entered this 4th day of December, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge